## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

STEWART ABRAMSON, individually and )
on behalf of a class of all persons and entities )
similarly situated, )
                                    )  Case No. 7:15-CV-05299-KMK

      Plaintiff, )

v. )

ALPHA GAS AND ELECTRIC, LLC )

      Defendant. )

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____

## FINAL APPROVAL ORDER AND JUDGMENT

This matter having come before the Court on Plaintiff's motion for final approval

(the "Motion for Final Approval") of a proposed class action settlement (the "Settlement")

of the above-captioned action (the "Action") between Stewart Abramson ("Plaintiff"),

individually and on behalf of the class of persons he seeks to represent (the "Settlement

Class" defined below), and Alpha Gas and Electric, LLC ("Alpha") (Plaintiff and Alpha are

collectively referred to as the "Parties") pursuant to the Parties' class action settlement

agreement entered into on September 30, 2016 (the "Agreement" or the "Settlement

Agreement"), and having duly considered all papers filed and arguments presented, the Court

hereby finds and orders as follows:

    1.     Unless defined herein, all defined terms in this Final Approval Order and

Judgment shall have the respective meanings set forth in the Agreement.

    2.     This Court has jurisdiction over the subject matter of the Action and over all

parties to the Action, including, without limitation, all Settlement Class Members.

    3.     Preliminary Approval of the Settlement was granted on November 10, 2016, and

notice was given to all members of the Settlement Class under the terms of the Preliminary
Approval Order.

4.     The Court has read and considered the papers filed in support of the Motion
for Final Approval, including the Settlement Agreement and the exhibits thereto, memoranda
and arguments submitted on behalf of the Plaintiff, Settlement Class Members, and Alpha,
and supporting declarations, as well as supplemental materials provided by class counsel
following the fairness hearing. The Court has not received any objections from any person
regarding the Settlement Agreement. Only six consumers requested to be removed
from the class. The Court held a fairness hearing on April 19, 2017, at which time the
parties were afforded the opportunity to be heard in support of or in opposition to the
Settlement Agreement.

5.     The Court finds that notice under the Class Action Fairness Act of 2005, 28
U.S.C. § 1715, was effectuated on October 7, 2016, and that more than ninety (90) days has
passed without comment or objection from any governmental entity.

6.     Based on the papers filed with the Court and the presentations made to the
Court at the hearing, the Court now gives final approval to the Settlement and finds that the
Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement
Class. This finding is supported by, among other things, the complex legal and factual posture
of the Action, the fact that the Settlement Agreement is the result of arms' length negotiations
presided over by a neutral mediator, and the settlement benefits being made available to
Settlement Class Members.

7.     Under Federal Rule of Civil Procedure 23(c), the Court certifies, for
settlement purposes only, the "Settlement Class" means all persons in the United States

2

who,, from July 8, 2011 through November 10, 2016, who subscribed to, used, or

who owned any of the phone numbers that are listed and/or contained in the Class List

and who received phone calls from any of the Released Parties using

an automated telephone dialing system. or prerecorded voice, or who were listed on the Do

Not Call list or otherwise did not consent to the receipt of such calls, or who otherwise have

claims against the Released Parties arising under the TCPA or similar federal, state or local

telemarketing laws governing such matters relating to the claims for monetary and equitable

relief alleged in the Action, including calls placed to cell phones without the recipients' consent.

8.      Under Federal Rule of Civil Procedure 23, Stewart Abramson is hereby

appointed as Class Representative and the following are hereby appointed as Class Counsel:

Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, Massachusetts 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760

9.      With respect to the Settlement Class, this Court finds, for settlement

purposes only, that: (a) the Settlement Class is so numerous that joinder of all members is

impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the

claims of the Class Representative, identified above, are typical of the claims of the Settlement

Class; (d) the Class Representative will fairly and adequately protect the interests of the

Settlement Class; (e) the questions of law or fact common to the members of the Settlement

Class predominate over the questions affecting only individual members, and (f) certification

of the Settlement Class is superior to other available methods for the fair and efficient

adjudication of the controversy. The Court further finds that: (g) the members of the

Settlement Class have a limited interest in individually prosecuting the claims at issue; (h) the Court is satisfied with the Parties' representations that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (i) it is desirable to concentrate the claims in this forum; and (j) it is unlikely that there will be difficulties encountered in administering this Settlement.

10.     The Court has determined that the notice given to the Settlement Class, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

11.     The Court finds that Settlement Administrator properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

12.     All individuals and/or entities who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment.

13.     The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

14.     The Court dismisses the Action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

15.     On and after the Effective Date, the Releasing Parties, and each of them,

4

are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

16.     The Court further adjudges that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties, and each of them.

17.     Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the Parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to the Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement, including the bar order set forth in paragraph 14 above.

18.     The Court approves payment of attorneys' fees for Class Counsel in the
amount of $ 366, 666.67 . The Court also approves payment of class counsel's litigation

5

$19,437

expenses in the amount of \_\_\_\_\_. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the class notice specifically and clearly advised the Settlement Class that Class Counsel would seek the fee award.

7,500

19.     The Court approves the incentive fee payment of $\_\_\_\_\_ for Stewart Abramson and specifically finds such amount to be reasonable in light of the service performed by Plaintiff for the Settlement Class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

20.     Neither this Final Approval Order and Judgment, the Preliminary Approval Order nor the Settlement Agreement shall be construed or used as an admission or concession by or against either Alpha or any of the Released Parties of any fault, omission, liability, or wrongdoing, or the validity of any of the Released Claims. This Final Approval Order and Judgment, (and its preceding Preliminary Approval Order), shall not be deemed a finding of the validity or invalidity of any claims in the Action or a determination of any wrongdoing by Alpha or any of the Released Parties. The final and or earlier preliminary approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiff, the Settlement Class Members, or Alpha.

21.     The Court finds that no just reason exists for delay in entering this Final Approval Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment.

6

DATED: **May 3** , 2017

_____
United States District Court Judge
Kacas, J.

7